# Ferrick, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Negligence—Railroads—Carrying passengers beyond destination —Putting passenger off at unsafe place—Passenger struck by another train—Death—Evidence—Insufficiency—Nonsuit.*

In an action against a railroad company to recover for the death of plaintiff's husband alleged to have been occasioned by defendant's carrying him beyond his place of destination, putting him off at a dangerous place, thereby compelling him to cross railroad

tracks in order to reach his proper station, in doing which he was struck and killed by a freight engine, a compulsory nonsuit was properly entered where it appeared that the train stopped at the station for which decedent had a ticket; that his wife, who was at the station saw him at the doorway of the car, and although her testimony indicated that the train stopped long enough for him to get off, he failed to do so before it started and there was no evidence as to where decedent did get off, or that he was put off against his consent or protest, or at an unsafe place, but it appeared he was struck while lying on the track after having walked back for some distance along the side of the track toward his station.

Argued Oct. 18, 1917. Appeal, No. 23, Oct. T., 1916, by plaintiff, from the judgment of C. P. Allegheny Co., April T., 1914, No. 1261, refusing to take off compulsory nonsuit in the case of Marianna Ferrick v. Baltimore & Ohio Railroad Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for death of plaintiff's husband.

The facts appear from the following opinion by CARNA-HAN, J. :

The plaintiff in her statement complains that her husband, being a passenger for hire on a train operated by the defendant company, was negligently carried beyond his place of destination and put off the train at an unsafe and dangerous place for passengers to alight; that in consequence thereof, he was compelled to cross railroad tracks in order to reach his proper station and that before he "reached the road," he was negligently struck by a freight train and received injuries thereby which caused his death the next day.

At the trial, it appeared that he was a passenger on a train operated by the defendant company, his ticket calling for Bruceton station as his place of destination. The train stopped at Bruceton station. His wife, who was at the station to meet him, saw him at the doorway of one of the cars, but he did not get off. Her evidence indicated that the stop was long enough to enable him to get off but she said he did not get off because of the starting of the

train. There was no evidence as to where he did get off, nor as to the circumstances under which he left the train. Of course, it follows that there was no evidence that he was put off against his consent or protest, at "an unsafe and dangerous place."

It did not appear that he crossed tracks in order to reach a "road." On the contrary he seems to have walked back towards Bruceton station, alongside of or on the main track of this railroad company. He was seen walking along a path close to the track, perhaps a mile beyond Bruceton. It was not dark then, but was between five and six o'clock of an evening in January. Not long after he was so seen, the engineer of a moving freight train saw the body of a man lying in front of his train, five car lengths ahead, with his head on a rail of the main track on which the train was moving and his body between the rail and a siding. The engineer sounded his whistle and put on his emergency brake but was unable to stop his train in time to avoid a collision. The pilot of the engine struck the man and turned his body over several times. This man was the plaintiff's husband; and the point where he was lying and was struck was somewhere between where he had been seen walking alongside of the track and Bruceton station. It was about 5:45 p. m. There was no evidence that he had been struck by any other engine or train. He was taken to a hospital at Washington, Pennsylvania, where he died shortly after.

Upon consideration of all the evidence submitted it did not appear that the defendant company had been guilty of any negligence which caused the death. A motion for a compulsory nonsuit was therefore granted. We see no reason now for taking off this nonsuit.

The lower court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*George P. Henning,* with him *Lawrence B. Cook,* for appellant.

*Allen T. C. Gordon* and *William Watson Smith,* for appellee, were not heard.

PER CURIAM, January 7, 1918:

It does not appear from the evidence submitted by the plaintiff that her husband's death resulted from any negligence on the part of the defendant company, and the judgment is affirmed on the opinion of the learned court below refusing to take off the nonsuit.